# Chitwood *v.* Philadelphia & Reading Railway Co., Appellant.

*Appeals—Assignments of error—Portion of charge—Context— Preponderance of evidence.*

Where a portion of the charge considered with its context (here on the preponderance of evidence) is free from error, an assignment of error based on such portion, is not ground for reversal.

Argued May 11, 1922. Appeal, No. 82, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1916, No. 2678, on verdict for plaintiff, in case of Robert E. Chitwood v. Philadelphia & Reading Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before BARRATT, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,500. Defendant appealed.

*Errors assigned* were (1, 2) portions of the charge quoted in the opinion of the Supreme Court, quoting them.

*William Clarke Mason,* for appellant.

*Thomas James Meagher,* for appellee.

PER CURIAM, June 24, 1922:

Appellant states the question involved thus: "In a case of an injury at a railroad station to a person alleged to have been an intending passenger, where the testimony of plaintiff concerning the happening of the accident is not corroborated, but is denied by six witnesses called by defendant, all of whom were in a position to see the acci-

dent if it had happened as described by plaintiff, is it error for the trial judge to charge the jury that 'It may chance that one witness may, by his powers of observation, the exactness of his memory and the correctness of his judgment, outweigh a number of witnesses who contradict him,' without cautioning the jury that the rule announced did not necessarily apply to the case which they were considering?"

At trial, the judge asked that his attention be called to mistakes of law in the charge, and the instruction now complained of was objected to only as an insufficient general definition of the preponderance of evidence; it presents no reversible error, when considered with its context, which points out, among other relevant principles, that "when the witnesses are even in quality, then numbers do count" and "must be regarded by the jury in weighing......the evidence," and that the jury must always consider the contradiction of one person by a number of witnesses on the other side.

The judgment is affirmed.